















```
SLD    10/12/00    11:56
3:00-CV-01350   DIRECTED ELECTRONICS V. SOUND MASTER INC
*7*
*ANS.*
```

PETER J. DIEDRICH (State Bar No. 101649)
BECK, DE CORSO, DALY & KREINDLER
A Professional Law Corporation
601 West 5th Street, 12th Floor
Los Angeles, CA 90071-2025
TEL (213) 688-1198 • FAX (213) 489-7532

**ORIGINAL**

Attorneys for Defendants
SOUND MASTER, INC. and WON SIK IM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTED ELECTRONICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUND MASTER, INC., a California corporation; and WON SIK IM, an individual, doing business as K.J. STEREO and C-TECH ELECTRONICS WHOLESALE,<br><br>Defendants. | Case No. 00CV1350 JM (POR)<br><br>**ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM** |

DEFENDANTS SOUND MASTER, INC. ("Sound Master") AND WON SIK IM ("IM"; together "Defendants") hereby respond to the complaint in this action as follows:

1. Defendants lack sufficient information to admit or deny the allegations of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Answering paragraph 3, Defendants admit that the addresses of K.J. Stereo and C-Tech Electronics Wholesale are as alleged in this paragraph. Defendants deny the remaining allegations of paragraph 3, and aver that "K.J. Stereo" and "C-Tech Electronics Wholesale" are fictitious business names belonging to defendant Sound Master.

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071 2025

30125.1   ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM   1

4.   Paragraphs 4 and 5 of the Complaint contain contentions of law which Defendants lack sufficient information either to admit or deny.

5.   Answering paragraph 7, Defendants admit that venue is proper in the Southern District of California.

6.   Defendants lack sufficient information either to admit or deny the allegations of paragraphs 8 through 16, inclusive.

7.   Answering paragraph 17, Defendants admit that products received by Defendants from Plaintiff customarily contain a card or other notice identifying what purport to be certain patents held by Plaintiff. Except as expressly admitted herein, Defendants deny the balance of this paragraph.

8.   Answering paragraph 18, Defendants admit that they are aware that Plaintiff manufactures vehicle security systems with the model designations as alleged in this paragraph.

9.   Answering paragraph 19, Defendants admit they are aware that Plaintiff requires its dealers to enter into a contract setting forth certain conditions under which Plaintiff's products can be sold. Except as expressly admitted herein, Defendants aver that they lack sufficient information either to admit or deny the balance of this paragraph.

10.   Defendants lack sufficient information either to admit or deny the allegations of paragraphs 20 through 22, inclusive.

11.   Answering paragraph 23, Defendants admit that a Viper vehicle security system consists of several components including a siren, a wiring harness and various alarm sensors. Defendants further admit that the system must be installed in the electrical system of the vehicle in order to operate. Except as expressly admitted herein, Defendants lack sufficient information either to admit or deny the balance of this paragraph.

12.   Answering paragraph 24, Defendants admit that a Viper vehicle security system must be installed properly in order to function. Except as expressly admitted herein, Defendants lack sufficient information either to admit or deny the balance of this paragraph.

13.   Answering paragraph 25, Defendants admit that Plaintiff obligates its authorized

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025

30125.1    ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

2

dealers to install vehicle security systems on the dealer's premises, occasionally visits its authorized dealers, and provides various technical assistance to dealers. Except as expressly admitted herein, Defendants lack sufficient information either to admit or deny the balance of this paragraph.

14. Answering paragraph 26, Defendants admit that the terms of Plaintiff's Authorized Dealer Agreement ("ADA") provides that dealers may sell "authorized products installed only and only to end users." Defendants further admit that the authorized dealer agreement contains a provision requiring dealers to "maintain an installation facility owned, staffed and operated by the authorized dealer and which meets all requirements established by [Plaintiff]." Except as expressly admitted herein, Defendants deny the balance of this paragraph.

15. Answering paragraph 27, Defendants admit that Sound Master was an authorized dealer of Viper products until its ADA was terminated in June 2000. Defendants further aver that K.J. Stereo and C-Tech Electronics Wholesale are fictitious business names belonging to Sound Master, and that Defendants believed that Sound Master's ADA with Plaintiff permitted the sale of Plaintiff's products from those locations.

16. Answering paragraph 28, Defendants admit that Plaintiff's warranty contains a provision substantially to the effect of the provision quoted in this paragraph. Except as expressly admitted herein, Defendants lack sufficient information either to admit or deny the balance of this paragraph.

17. Answering paragraph 29, Defendants admit that the Viper warranty contains a provision substantially to the effect of the provision quoted in this paragraph. Except as expressly admitted herein, Defendants lack sufficient information either to admit or deny the balance of this paragraph.

18. Defendants lack sufficient information either to admit or deny the allegations of paragraph 30.

19. Defendant denies the allegations of paragraph 31, and avers that any advertising of Plaintiff's products by Defendants was conducted in the belief that Sound Master's status as an authorized dealer permitted Defendants to advertise Plaintiff's products at all its business

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025

3

30125.1   ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

1 locations.

2  20. Defendants deny the allegations contained in paragraphs 32 through 34, inclusive.

3  21. Answering paragraph 35, Defendants admit that Sound Master has from time to time sold the Viper vehicle security systems uninstalled, and further avers that Plaintiff, through its agents, employees, and representatives, has known of and ratified such transactions on the part of Sound Master.

22. Defendants lack sufficient information either to admit or deny the allegations contained paragraphs 36 through 38, inclusive.

23. Answering paragraph 39, Defendants admit that they know that Plaintiff sells its Viper vehicle security systems through authorized dealers only, and that defendant Sound Master has executed an ADA with Plaintiff. Except as expressly admitted herein, Defendants deny the balance of this paragraph, and expressly deny actual receipt of the 1996 and 1998 letters referred to therein.

24. Answering paragraph 40, Defendants admit that Sound Master is not presently registered pursuant to the statute referred to therein, and further aver that Defendants were previously unaware of the requirement to so register.

25. Defendants deny the allegations contained in paragraph 41.

26. Answering paragraph 42, Defendants refer to and incorporate their prior responses to paragraphs 1 through 41 of the Complaint.

27. Answering paragraph 43, Defendants admit that Plaintiff sells its Viper vehicle security systems only through authorized dealers who have entered into an agreement with Plaintiff. Defendants further admit that a true and correct copy of Plaintiff's ADA with Sound Master is attached to the Complaint as Exhibit L, and avers that the agreement speaks for itself. Except as expressly admitted herein, Defendants deny the balance of this paragraph.

28. Defendants deny the allegations of paragraphs 45 through 48, inclusive, and deny that the Plaintiff has been damaged in any sum or sums, or at all.

29. Answering paragraph 49, Defendants refer to and incorporate their prior responses to paragraphs 1 through 48 of the Complaint.

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025

30125.1

4

ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

30. Defendant Im denies the allegations of paragraphs 50 through 57, inclusive, denies that defendant Im performed any act in his individual capacity, and deny that Plaintiff has been damaged in any sum or sums, or at all.

31. Answering paragraph 58, Defendants refer to and incorporate their prior responses to paragraphs 1 through 57 of the Complaint.

32. Defendants deny the allegations contained in paragraph 59, and specifically deny that defendant Im performed any act in his individual capacity.

33. Defendants deny the allegations contained in paragraphs 60 through 63, inclusive, and further aver that, until the termination of its ADA in June, 2000, defendant Sound Master was authorized to sell Plaintiff's products.

34. Answering paragraph 64, Defendants refer to and incorporate their prior responses to paragraphs 1 through 63 of the Complaint.

35. Answering paragraph 65, Defendants admit they know that Plaintiff sells Viper products only to authorized dealers, and that the document attached to the complaint as Exhibit L is a true and correct copy of one of Plaintiff's ADA's with defendant Sound Master. Except as expressly admitted herein, Defendants deny the balance of this paragraph.

36. Defendants deny the allegations of paragraph 66.

37. Defendants lack sufficient information either to admit or deny the allegations of paragraph 67, and deny that Plaintiff has been damaged in any sum or sums, or at all.

38. Defendants deny the allegations of paragraph 68, and deny that Plaintiff is entitled to exemplary damages, or any damages. Defendants further deny that defendant Im performed any act in his individual capacity.

39. Answering paragraph 69, Defendants refer to and incorporate their prior responses to paragraphs 1 through 68 of the Complaint.

40. Defendants deny the allegations contained in paragraphs 70 through 72, inclusive and further aver that, until the termination of its ADA in June 2000, defendant Sound Master was authorized to sell Plaintiff's products.

41. Answering paragraph 73, Defendants refer to and incorporate their prior responses

*Beck, De Corso, Daly & Kreindler*
*A Professional Law Corporation*
*601 W. 5ᵗʰ Street, 12ᵗʰ Floor*
*Los Angeles, CA 90071-2025*

5

30125.1   ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

to paragraphs 1 through 72 of the Complaint.

42.  Defendants deny the allegations of paragraphs 74 through 76, inclusive, deny that Defendant Im performed any acts in his individual capacity, and deny that Plaintiff has been damaged in any sum or sums, or at all.

43.  Answering paragraph 77, Defendants refer to and incorporate their prior responses to paragraphs 1 through 76 of the Complaint.

44.  Defendants admit the allegations contained in paragraph 78.

45.  Defendants deny the allegations contained in paragraph 79 and 80, inclusive, deny that defendant Im has performed any acts in his individual capacity, and deny that Plaintiff has been damaged in any sum or sums, or at all.

46.  Answering paragraph 81, Plaintiff refers to and incorporates their prior responses to paragraphs 1 through 80 of the Complaint.

47.  Defendants lack sufficient information either to admit or deny the allegations contained in paragraph 82.

48.  Defendants deny the allegations in paragraphs 83 through 85, inclusive, deny that defendant Im has performed any acts in his individual capacity, and deny that Plaintiff has been damaged in any sum or sums, or at all.

49.  Answering paragraph 86, Defendants refer to and incorporate their prior responses to paragraphs 1 through 85 of the Complaint.

50.  Defendants deny the allegations contained in paragraphs 87 through 89, inclusive, deny that defendant Im has performed any acts in his individual capacity, and deny that Plaintiff has been damaged in any sum or sums, or at all.

51.  Answering paragraph 90, Defendants refer to and incorporate their prior responses to paragraphs 1 through 89 of the Complaint.

52.  Answering paragraph 91, defendant Sound Master admits that it entered into an ADA with Plaintiff which permitted Sound Master to sell certain lines of Plaintiff's products. Defendants further aver that the ADA with Plaintiff speaks for itself. Except as expressly admitted herein, Defendants deny the balance of this paragraph.

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025

30125.1

6

ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

53. Defendants admit the allegations contained in paragraph 92.

54. Defendants deny the allegations of paragraphs 93 through 96, inclusive, and deny that Plaintiff has been damaged in any sum or sums, or at all. Further, Defendants aver that, to the extent defendant Sound Master has sold Plaintiff's products other than in strict accordance with the ADA, Plaintiff, at all relevant times, has known of and ratified Sound Master's sales practices.

### FIRST AFFIRMATIVE DEFENSE

1. To the extent any of the patents or trademarks identified by Plaintiff in its Complaint are subsequently shown to be invalid for any reason, Plaintiff cannot plead a claim for infringement of such patents or trademarks.

### SECOND AFFIRMATIVE DEFENSE

2. If Plaintiff has suffered any damage, it was directly and proximately caused and contributed to by the conduct of Plaintiff in that Plaintiff did not exercise reasonable care to mitigate its damages, if any, and Plaintiff is thereby completely or partially barred from recovery.

### THIRD AFFIRMATIVE DEFENSE

3. Each and every cause of action asserted by Plaintiff is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Each and every cause of action asserted by Plaintiff is barred by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. Each and every cause of action asserted by Plaintiff is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6. Each and every cause of action asserted by Plaintiff is barred by the doctrine of ratification.

**WHEREFORE**, Defendants pray:

1. That Plaintiff take nothing by its Complaint;

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025

30125.1

7

ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

1     2.     For attorneys' fees and costs incurred herein; and

2     3.     For such other and further relief as this court may deem just and proper.

4     Dated: October 9, 2000           Respectfully submitted,

                                                 BECK, DE CORSO, DALY & KREINDLER
                                                 A Professional Law Corporation

                           By     *[signature]*
                                     Peter J. Diedrich, attorneys for SOUND
                                     MASTER, INC. and WON SIK IM

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025

30125.1     8     ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM

## PROOF OF SERVICE
*Directed Electronics v. Sound Master, et al.*
Case No. 00-CV-1350 JM (POR);

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 601 W. 5th Street, 12th Floor, Los Angeles, California 90071-2025. On October 10, 2000, I served the within documents.

**ANSWER OF DEFENDANTS SOUND MASTER, INC. AND WON SIK IM**

☐ **BY FAX**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. The transmission was reported as complete and without error and was properly issued by the transmitting facsimile machine.

☐ **BY HAND**: by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY**: by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

Stephen S. Korniczky                    Plaintiff
Kristen E. Caverly
Brobeck, Phleger & Harrison LLP
12390 El Camino Real
San Diego, CA 92130-2081

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of that party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of that the foregoing is true and correct. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 10, 2000, at Los Angeles, California.

William Webster

Beck, De Corso, Daly & Kreindler
A Professional Law Corporation
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071-2025